```
                        UNITED STATES DISTRICT COURT
                          DISTRICT OF PUERTO RICO

ELAINE L. CHAO, Secretary of
Labor, United States
Department of Labor,
                                    Civil No. 04-1065 (JAF)
     Plaintiff,

     v.

ACTION FORCE SECURITY, INC., a
Corporation, and YOLANDA LOPEZ
TORRES, Individually and as
President/Owner,

     Defendants.
```

**ORDER FOR THE ENTRY OF JUDGMENT**

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor ("the Secretary") has filed her complaint and defendants appeared by Counsel and have filed an answer. Plaintiff filed a motion for summary judgment which the court now **grants.** We find that there is no controversy as to material fact; that (a) overtime compensation in the gross amount of $1,124,736.60, plus liquidated damages in an amount equal to the overtime compensation, for a total amount of $2,249,473.20, is owed to defendants' employees for the period January 30, 2001, through February 2005, and that (b) a Civil Money Penalty in the amount of $85,660 is owed to the U.S. Department of Labor in relation to the defendants' overtime violations.

It is hereby:

Civil No. 04-1065 (JAF)                                                    -2-

**I.  ORDERED** that the defendants are enjoined and restrained from withholding the payment of $1,124,736.60 in overtime compensation to their employees.  Payment of these $1,124,736.60 shall be made by the defendants within thirty (30) days by delivering a certified check payable to "Wage-Hour, Labor" in the amount of $1,124,736.60 to Plaintiff's representatives, J.P. Morgan Chase, U.S. Department of Labor - Northeast Region, P.O. Box 880903, Dallas, TX 75388-0903.

It is further

**II.  ORDERED** that the defendants shall pay $1,124,736.60 in liquidated damages to their employees. Payment of these $1,124,736.60 shall be made by the defendants within thirty (30) days by delivering a certified check payable to "Wage-Hour, Labor" in the amount of $1,124,736.60 to Plaintiff's representatives, J.P. Morgan Chase, U.S. Department of Labor - Northeast Region, P.O. Box 880903, Dallas, TX 75388-0903.

It is further

**III.  ORDERED** that defendants shall pay $85,660 in Civil Money Penalty to Plaintiff.  Payment of these $85,660 shall be made by the defendants within thirty (30) days by delivering a certified check in that amount made to the order of "Wage Hour Division-Labor" to United States Department of Labor, Employment Standards Administration, Wage and Hour Division, 170 Independence Mall West, Room #850, Philadelphia, PA 19106.

It is further

Civil No. 04-1065 (JAF)                                                      -3-

**IV.    ORDERED** that defendants, their officers, servants, employees, agents, and all persons acting or claiming to act in the defendants' behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), ("the Act"), in any manner, including:

(a)  Defendants shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek, who are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(b)  Defendants shall make, keep, and preserve accurate and complete records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

It is further

Civil No. 04-1065 (JAF)                                                              -4-

**V.   ORDERED** that Plaintiff shall submit a Supplemental Motion within thirty (30) days, which will include an Exhibit delineating the amount of overtime compensation and liquidated damages owed to the specific employees of defendants for the period January 30, 2001, through February 2005.

It is further

**VI.   ORDERED** that, within ten (10) days, Defendants shall submit to Plaintiff payroll records for the period subsequent to February 2005, so that Plaintiff may determine whether any additional back wages and liquidated damages are due to defendants' employees. If Plaintiff determines that additional back wages and liquidated damages are due, Plaintiff shall submit a Second Supplemental Motion within sixty (60) days.

It is further

**VII.   ORDERED** that neither defendants nor any one on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Order or any Supplemental Order in this action.

It is further

**VIII.   ORDERED** that Plaintiff shall distribute the defendants' payments of overtime compensation and liquidated damages to the employees involved, or to their estates, if that is necessary, and any sums not distributed to the employees, or to their personal representatives because of inability to locate the proper persons or

Civil No. 04-1065 (JAF)                                                         -5-

because of such persons' refusal to accept such sums, shall be deposited by the Secretary of Labor in a special deposit account to be paid to the rightful employee. When recovered wages and liquidated damages have not been claimed by the employee within three (3) years, the Secretary of Labor shall deposit them in to the United States Treasury as miscellaneous receipts.

It is further

**IX. ORDERED** that Defendants shall make available to plaintiff the social security number and last known address of each employee or former employee listed in any Supplemental Motion.

It is further

**X. ORDERED** that defendants shall, within sixty (60) days, establish a computerized electronic system for the recording of hours worked and all other payroll information, for the calculation of wages due, and for the payment of wages.

It is further

**XI. ORDERED** that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

It is further

**XII. ORDERED** that, if the defendants fail to make the required payments or if defendants violate any provisions of the Act, or of this Order or any Supplemental Order, or any Judgment or Supplemental Judgment in this action, then the Secretary of Labor shall have leave

Civil No. 04-1065 (JAF)                                                    -6-

to apply for such other relief in contempt or otherwise as this court deems proper.

Judgment shall enter incorporating the terms of this Order as if set forth at length therein.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of May, 2005.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U. S. District Judge